UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY E. MARTIN,

    Plaintiff,

v.                            Case No. 8:15-cv-1419-T-33TBM

CACH, LLC and SPRINGLEAF CONSUMER
LOAN, INC.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Springleaf Consumer Loan, Inc.'s Motion to Compel Arbitration and Stay Litigation (Doc. # 11), which was filed on July 22, 2015. As of the date of this Order, Plaintiff Gary Martin, an individual represented by counsel, has failed to file a response to the Motion, and the time for Martin to respond to the Motion has expired. Local Rule 3.01(b), M.D. Fla., explains, "Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages." As articulated below, the Court grants the Motion as an unopposed Motion and on the merits.

**Discussion**

Springleaf explains that Martin executed an arbitration agreement in connection with a Personal Line of Credit Agreement on October 3, 2002. (Doc. # 11 at 2). Among other relevant language, the arbitration agreement states:

> By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing; present or future), including initial claims, counter-claims, and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire agreement ("Claim"), shall be resolved, upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed.

(Doc. # 11-1 at 10).

On June 16, 2015, Martin filed a Complaint against Springleaf and a co-Defendant asserting that Springleaf violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, and the Telephone Consumer Protection Act, 47 U.S.C. § 227, by placing debt collection calls to Martin's home telephone and cellular telephone. (Doc. # 1).

Springleaf contends that Martin's claims against it are covered by the arbitration agreement. Given the strong federal policy favoring arbitration, it is "the party resisting arbitration [who] bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000). Although Martin has been given the opportunity to challenge Springleaf's position, he has not advanced any arguments or otherwise rebutted Springleaf's contention that the relevant claims are subject to binding arbitration. In addition, the Court's reading of the arbitration agreement leads to the conclusion that Martin's claims against Springleaf are, indeed, subject to binding arbitration. For these reasons, the Court grants the Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant Springleaf Consumer Loan, Inc.'s Motion to Compel Arbitration and Stay Litigation (Doc. # 11) is **GRANTED**.

(2) Springleaf and Martin shall proceed to arbitration as specified in the arbitration agreement.

(3) Martin's claims against Springleaf are **STAYED** pending the resolution of the arbitration proceedings.

(4) The parties shall file a joint status report on **November 10, 2015**, to inform the Court of the status of the arbitration proceedings. Thereafter, the parties shall continue to file joint status reports with this Court every 90 days until the arbitration proceedings are completed.

(5) The parties are directed to inform the Court immediately upon the completion of the arbitration proceedings.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of August, 2015.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record